IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE ZAVALA, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:19-CV-2012-L-BK |
| § | |
| IVAN TENA, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States Magistrate Judge for judicial screening, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

Plaintiff Jose Zavala, a resident of Duncanville, Texas, filed a *pro se Amended Complaint* against Ivan Tena and Ernesto Tena for burglarizing his home on July 28, 2019. Doc. 9 at 1. At best, the *Amended Complaint* is inartfully pled. Zavala alleges Defendants "went inside my house around 5:50-5:55 pm … went through my brothers [sic] rooms, my parents [sic] room . . . [and] were able to leave my house with more than 55K in cash & belongings of ours." Doc. 9 at 1. Zavala avers that the day before the burglary, Defendant Ivan Tena said, "Man if I could rob you I will," but then laughed and said "Im [sic] just playing bro[.]" Doc. 9 at 2. Zavala seeks to "negotiate with both" Defendants to "get [his] belongings and money back." Doc. 9 at 2.

## II. ANALYSIS

Although Plaintiff paid the filing fee, the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "[A] federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Zavala's *Amended Complaint* with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Zavala has not alleged facts that establish federal question or diversity jurisdiction.

Zavala plainly fails to state a federal cause of action. Moreover, as a Texas resident, Zavala shares the same state of citizenship as Defendants, so there is no diversity jurisdiction. *See* Doc. 4 at 3 (*Civil Cover Sheet* reflects Plaintiff and Defendants are citizen of this state).

Finally, because the *Amended Complaint* does not present a basis for federal jurisdiction, the Court cannot exercise supplemental jurisdiction over any state claims pled.  28 U.S.C. § 1367(a).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  Here, the facts as alleged by Zavala clearly demonstrate a lack of subject matter jurisdiction in this Court.  Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 18, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).